IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT AND PATRICIA AIKEN, | : |
| | : No. 3:18-cv-01245 |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : District Judge A. Richard Caputo |
| SWN PRODUCTION CO., LLC and | : |
| STERN MARCELLUS HOLDING, LLC, | : |
| | : |
| Defendants. | |

## ANSWER AND AFFIRMATIVE DEFENSE TO COMPLAINT

Defendants SWN Production Co., LLC and Stern Marcellus Holdings, LLC (collectively the "Defendants") file the following Answer and Affirmative Defenses to the Complaint as follows:

### FIRST DEFENSE

Nature of Action

1. It is admitted that this is an action for damages. The remaining allegations are denied.

### PARTIES

2. Admitted.

3. Admitted.

4. Admitted.

{B3849084.1}

5. It is admitted that Defendant SWN Production Co., LLC ("Defendant SWN") engages in oil and gas operations in Susquehanna County, Pennsylvania, including unconventional drilling operations. The remaining allegations are denied.

6. It is admitted that Defendant SMH Marcellus Holdings, LLC (hereafter "Defendant SMH") (which is incorrectly identified as Stern Marcellus Holding, LLC in the caption) is a limited liability company organized under the laws of New York with a principal place of business located at 400 Plaza Drive, Secaucus, New Jersey. It is denied that the address listed for Defendant SMH is located in New York.

7. It is admitted only that Defendant SMH and Defendant SWN are co-working interest owners with respect to the oil and gas interests relating to the allegations set forth herein. The remaining allegations are denied. The allegations herein state legal conclusions to which no response is required. Moreover, the allegations herein also refer to a written document, which speaks for itself. To the extent a response is required, it is admitted only that Defendant SWN is a successor-in-interest to that certain oil and gas lease between Plaintiffs and Alta Resources, LLC dated July 11, 2008. (Plaintiff purportedly claims that a copy of said Lease is attached to the Complaint as Exhibit A, but said exhibit has been omitted from the Complaint).

## JURISDICTION

8. The allegations herein contain legal conclusions to which no response is required.

9. To the extent that the allegations herein refer to a written document, no response is required. To the extent a response is required, it is specifically denied that the Defendants have in any way breached the terms of the oil and gas lease at issue in this matter.

## VENUE

10. The allegations herein contain legal conclusions to which no response is required.

## MATERIAL FACTS

11. After reasonable investigation, Defendants are without sufficient knowledge to form a belief as to the truth of the allegations set forth herein and therefore deny the same.

12. Admitted.

13. The allegations herein refer to a written document, specifically the oil and gas lease purportedly attached to the Complaint as Exhibit A, which speaks for itself. As such, no response is required.

14. The allegations herein refer to written documents, specifically the oil and gas lease at issue in this matter and an addendum thereto, which speak for themselves. As such, no response is required.

15. The allegations herein refer to a written document, specifically the oil and gas lease at issue, which speaks for itself. As such, no response is required.

16. The allegations herein refer to a written document, specifically the oil and gas lease at issue, which speaks for itself. As such, no response is required. To the extent a response is required, it is admitted only that in 2009, the Defendants' predecessor-in-interest to the oil and gas lease at issue retained third parties to conduct tests of Plaintiffs' water supply.

17. The allegations herein refer to written documents, the contents of which speak for themselves. As such, no response is required.

18. Denied.

19. It is admitted only that the Plaintiffs made complaints to the Pennsylvania Department of Environmental Protection ("DEP") in or about May of 2017. After reasonable investigation, the Defendants are without sufficient knowledge to form a belief as to the truth of the remaining allegations herein and therefore deny the same.

20. It is admitted only that on or about May 9, 2017 that the DEP tested Plaintiffs' well water and subsequently informed them of the results, which speak for themselves. The remaining allegations herein are denied.

21. It is admitted only that manganese has the *potential* for negatively affecting the taste and appearance of water and is *potentially* capable of causing certain deleterious health effects. The remaining allegations herein are denied.

22. It is admitted only that methane has the *potential* for rendering water non-potable. It is also admitted that methane has the *potential* to become a fire or explosive risk. The remaining allegations are denied.

23. The allegations herein refer to a written document in which the Pennsylvania Department of Health provided recommendations to the Plaintiffs, the content of which speaks for itself. As such, no response is required.

24. It is admitted only that methane and manganese are naturally occurring substances. The remaining allegations are denied.

25. The allegations herein contain conclusions of law to which no response is required. To the extent it is inferred or implied that the Defendants caused the Plaintiffs' water supply to be contaminated, said allegation is specifically denied.

26. The allegations herein contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

27. After reasonable investigation, the Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained herein and therefore deny the same. To the extent that it is inferred or implied that Defendants in any way caused the contamination of Plaintiffs' water well, said allegations are denied.

28. After reasonable investigation, the Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained herein and therefore deny the same.

29. After reasonable investigation, the Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained herein and therefore deny the same.

30. After reasonable investigation, the Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained herein and therefore deny the same.

31. After reasonable investigation, the Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained herein and therefore deny the same.

32. After reasonable investigation, the Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained herein and therefore deny the same.

33. Denied.

34. Denied.

## COUNT I
## Negligence Claim

35. Defendants incorporate paragraphs 1 through 34 of their Answer as if fully set forth herein.

36. The allegations herein contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

37. The allegations herein contain conclusions of law to which no response is required. To the extent a response is required, said allegations are specifically denied as to each and every subparagraph contained herein.

## COUNT II
## Breach of Contract

38. Defendants incorporate paragraphs 1 through 37 of their Answer as if fully set forth herein.

39. The allegations herein contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

40. The allegations herein contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

### COUNT III
### Negligence

41. Defendants incorporate paragraphs 1 through 40 of their Answer as if fully set forth herein.

42. This numbered paragraph has been omitted from Plaintiffs' Complaint. As such, no response is required.

43. The allegations herein contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

### COUNT IV
### Loss of Consortium

44. Defendants incorporate paragraphs 1 through 43 of their Answer as if fully set forth herein.

45. The allegations herein contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

## JURY TRIAL DEMANDED

46. The allegation herein contains conclusions of law to which no response is required.

WHEREFORE, the Defendants demand judgment in their favor and against the Plaintiffs, together with costs and such other relief as this Court deems just and proper.

## SECOND DEFENSE

47. The Plaintiffs fail to state a claim upon which relief may be granted.

## THIRD DEFENSE

48. The Plaintiffs' claims are barred by the doctrines of waiver and/or estoppel.

## FOURTH DEFENSE

49. The Plaintiffs' claims are barred by the applicable statute of limitations and/or by laches.

## FIFTH DEF ENSE

50. The Plaintiffs' claims are barred by the doctrine of unclean hands.

## SIXTH DEFENSE

51. The Plaintiffs' claims are barred by the doctrines of assumption of the risk, contributory negligence and/or comparative negligence.

## SEVENTH DEFENSE

52. The Plaintiffs' claims are barred by the failure to mitigate any alleged damages.

## EIGHTH DEFENSE

53. The Plaintiffs' alleged damages, none being admitted, were caused by acts or omissions of parties, events or causes other than by the Defendants.

## NINTH DEFENSE

54. The Plaintiffs' claims are barred by the non-occurrence of a condition precedent.

## TENTH DEFEENSE

55. The Plaintiffs' claims are barred to the extent that they have been preempted by federal or state law.

## ELEVENTH DFENSE

56. The Defendants reserve the right to assert additional affirmative defenses that may become known to them through discovery or otherwise.

Respectfully submitted,

BABST, CALLAND, CLEMENTS AND ZOMNIR, P.C.

*/s/Steven B. Silverman*
Steven B. Silverman, Esquire
Pa I.D. No. 56829
ssilverman@babstcalland.com
Joshua S. Snyder, Esquire
Pa I.D. No. 315845
jsnyder@babstcalland.com

Two Gateway Center, 6th Floor
Pittsburgh, Pennsylvania  15222
Phone:  (412) 394-5400
Fax:  (412) 394-6576

Counsel for Defendants

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served on July 20, 2018, via the Court's electronic filings system upon the following:

Gerald J. Williams, Esquire
Williams Cedar LLC
1515 Market Street
Suite 1300
Philadelphia, PA 19102-1279

And via e-mail to: gwilliams@weblegal.com

BABST, CALLAND, CLEMENTS AND ZOMNIR, P.C.

*/s/ Steven B. Silverman*